March 21, 1904.

———o———

No. 3352.

(Court of Appeal, Parish of Orleans.)

ERNEST KAHN, TRUSTEE, vs ELEANORE PLANTING CO. LTD., J. G. SPOR & CO., INTERVENORS.

Issues of fact only are involved herein.

Appeal from Civil District Court, Division C.

R. E. Breazeale, for plaintiff and appellee.

Hebert & Hebert, for Intervenors.

A. E. Hebert & J. E. Gondran, for defendant and appellant.

DUFOUR, J. For several years Meyer Bros., had an agreement with the defendant by the terms of which they were to rent and keep defendant's plantation store and to settle defendant's payroll, either in money or in merchandise furnished to the laborers.

In return therefor, the company was to give notes for the amount of such payrolls payable to the order of Meyer Bros., to be attested by the Secretary and to be signed by the President.

The last note given, not signed by the President was surrendered as an asset by Morris Meyer, then doing business under the firm name of Meyer Bros., in his application to be adjudged a bankrupt, and it forms the basis of the present suit by his trustee to recover the amount of the account stated in the document.

Liability thereon is not denied by the defendant which is in the attitude of a stakeholder.

135

Spor & Co. intervened, claiming to be the owners of the account evidenced by the due bill, under an agreement with the Planting Co, and Meyer that the notes should be turned over to them.

The record does not sustain intervenor's claim of ownership on the theory that Meyer was acting for them as their agent.

They furnished money and merchandise to be used by Meyer in carrying out his agreement, but so did others according to Meyer's testimony and the bankruptcy schedule of creditors. The intervenors testify that Meyer did not act as their agent, that the money was charged to his account and that they looked to Meyer and not to the Planting Company for the return of the money. Hence, Meyer and not the company was the debtor, and their claim of ownership is conclusively negatived.

While Spor & Co. may feel aggrieved that the document was not transferred to them by Meyer under the alleged agreement, the fact remains that the due bill was the property of Meyer who had dealt directly and for his own account with the Planting Co. It is an asset recoverable by the trustee and the creditors may properly litigate their conflicting claims as to its distribution in the bankruptcy proceedings.

Judgment affirmed.